IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LARRY COCHRAN, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. GLR-22-173 |
| E.A. EARWIN, | * | |
| Respondent. | * | |
| | *** | |

**MEMORANDUM OPINION**

THIS MATTER is before the Court on self-represented Petitioner Larry Cochran's Motions: Requesting Judicial Notice, (ECF No. 6); to Strike Respondent's Motion to Dismiss or for Summary Judgment, (ECF No. 18); for Reconsideration of an Order denying a Motion for Judgment in Petitioner's favor, (ECF Nos. 20, 25); for an Expedited Ruling, (ECF No. 26); for Emergency Preliminary Injunction, (ECF No. 28); for Copy Work at the Government's Expense, (ECF No. 33); for an Emergency Immediate Release, (ECF No. 35); for Immediate Denial of Respondent's Motion to Dismiss or for Summary Judgment, (ECF No. 36); and for Emergency Enlargement of Cochran's custody, (ECF No. 37). Also pending are Respondent E.A. Earwin's Motions to Dismiss or, in the Alternative, for Summary Judgment, (ECF No. 8), and to Amend or Correct the Motion to Dismiss or for Summary Judgment, (ECF No. 14). The Motions are ripe for disposition, and no hearing is necessary. See R. Govern. § 2254 Cases U.S. Dist. Ct. 8(a); 28 U.S.C. § 2254(e)(2); Local Rule 105.6 (D.Md. 2021); see also Fisher v. Lee, 215 F.3d 438, 455 (4th Cir. 2000) (noting that petitioners are not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For the reasons

that follow, the Court will grant Earwin's Motion to Dismiss or for Motion for Summary Judgment, which the Court construes as a Motion for Summary Judgment, grant in part and deny in part Cochran's Motion Requesting Judicial Notice, deny Cochran's remaining Motions, and decline to issue a certificate of appealability.

## I.     BACKGROUND

Larry Cochran filed his Petition for Writ of Habeas Corpus ("Habeas Petition") on January 24, 2022, while he was in the custody of the Federal Bureau of Prisons ("BOP") at the Federal Correctional Institution-Cumberland. (Pet. Writ. Habeas Corpus ["Habeas Pet."] at 3, ECF No. 1). Earwin filed his Motion for Summary Judgment on March 28, 2022, (ECF No. 8), and Cochran filed a Reply to Respondent's Response to Petition and Motion to Dismiss or, in the Alternative, for Summary Judgment on April 19, 2022, (ECF No. 19). Cochran also filed twelve other non-dispositive motions. (ECF Nos. 3, 4, 6, 18, 20, 25, 26, 28, 33, 35, 36, 37).

Cochran was originally sentenced to 240 months' incarceration beginning on April 22, 2006, followed by a term of three years of supervised release. (Inmate Data at 3, ECF No. 8-2). His anticipated release date was July 28, 2023, provided he received all good conduct time. (Id. at 4). In his Memorandum in Support of the Habeas Petition, Cochran alleges that he is entitled to an earlier and immediate release date due to time credits earned under the First Step Act ("FSA"). (See Mem. in Supp. of Habeas Pet. at 3–4, ECF No. 1-2).

Cochran was released from prison on July 28, 2022. (Req. Copies Docs. at 1, ECF No. 39). The exact circumstances and reasoning for his release are unknown to the Court,

but it appears that BOP applied the FSA credits that Cochran seeks in his Habeas Petition and released him early on that basis.[1]

## II.   DISCUSSION

### A.   Cochran's Nondispositive Motions

#### 1.   Motion to Take Judicial Notice

First, Cochran requests that this Court take judicial notice of the BOP's "final rule C.F.R. 28 Part 523 and 542 and Title 18 U.S.C. §§ 3621; 3624; 3632; and 3685." (Pet'r's Mot. Take Judicial Notice at 3, ECF No. 6). He also asks this Court to take judicial notice of "adjudicative facts," including that (1) he is eligible for FSA Time Credits for the prison job he held; and (2) he has earned 311 days of FSA Time Credits through his prison job. (Id.). Under Federal Rule of Evidence 201(b), "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Here, there is no dispute that Cochran is eligible for FSA Time Credits or that his job assignment qualifies him to receive FSA Time Credits. (See Resp't's Resp. Pet. Mot. Dismiss Alt. Summ. J. ["Mot. Summ. J."] at 1, ECF No. 8). Accordingly, Cochran's Motion to Take Judicial Notice shall

---

[1] In their briefing of the Motion for Summary Judgment, the parties dispute whether Cochran's time credits may be applied. (See ECF Nos. 8, 14, 19). Because the BOP has already applied the credits and released Cochran early, the Court will not repeat those arguments here. The Court will, however, briefly address Earwin's Motion to Issue Correction to the Motion to Dismiss or for Summary Judgment. (ECF No. 14). In the Motion for Summary Judgment, Earwin argues that Cochran's job assignment does not make him eligible to receive FSA credits. (Mot. Summ. J. at 9). Earwin now wishes to correct that earlier filing to state that Cochran's job does entitle him to time credits. (ECF No. 14 at 2). Earwin's Motion to Issue Correction will be granted.

3

be granted to the extent that it seeks judicial notice of undisputed facts but denied to the extent that Cochran seeks to have this Court take judicial notice of a disputed fact (i.e., that he was entitled to immediate release when his Habeas Petition was filed).

### 2. Motion to Strike

Next, Cochran moves to strike Earwin's Motion for Summary Judgment on the grounds that it was untimely, he was not served with a copy of the motion, and this Court has allowed Earwin to delay the proceedings in this case when Cochran entitled his Petition as an emergency filing. (Pet'r's Mot. Strike Resp't Mot. Dismiss Summ. J. at 1–2, ECF No. 18). Under Federal Rule of Civil Procedure 12(f), the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Nothing in Cochran's Motion indicates that the Motion for Summary Judgment falls within the ambit of the Rule. To the extent that Cochran asserts he did not receive a copy of the Motion for Summary Judgment, his Motion was made moot by this Court's April 19, 2022 Order issued the same day his motion was received, which required Earwin to mail a copy of the Motion for Summary Judgment to Cochran. (Order at 1, ECF No. 15). Lastly, despite Cochran's use of the words "emergency" and "immediate" in his filings, the Court finds that these Motions are derivative of the underlying Habeas Petition, and the Court rules on all petitions for writ of habeas corpus in due course. Accordingly, the Motion to Strike is denied.

### 3. Motions for Reconsideration

Cochran has filed multiple Motions for Reconsideration. In the first, he seeks reconsideration of the Court's April 6, 2022 Order denying his Motion for Judgment in his

favor. (Mot. Recons. of Ct. Order Denying Pet'r's Mot. for J., ECF No. 20). Cochran asserts a "standing objection to any partiality towards Respondent or his Government Counsel." (Id. at 3). Cochran further asserts that Earwin has not addressed his allegations that he is entitled to receive the credits at issue and that he is entitled to an immediate release. (Id.).

Despite Cochran's view to the contrary, this Court has no partiality toward any party and has not exhibited any bias against Cochran. Further, Earwin's Motion for Summary Judgment does in fact address Cochran's claims. (See Mot. Summ. J. at 4–12). Accordingly, Cochran's first Motion for Reconsideration is denied.

In his second Motion for Reconsideration, Cochran asks this Court to reconsider its April 19, 2022 Order denying his Motion for an Immediate Emergency Hearing. (Mot. Recons. Ct. Order Denying Pet'r's Mot. Immediate Emergency Hr'g, ECF No. 25). Cochran asserts he is entitled to an emergency hearing under 28 U.S.C. § 2243. (Id. at 9). Although the statute does provide for a hearing, it also states that a hearing is not required when "the application for the writ and the return present only issues of law." 28 U.S.C. § 2243. Here, Cochran's Habeas Petition presents only an issue of law: whether Cochran is entitled to credits and an expedited release from custody. (See Habeas Pet. at 7). Accordingly, Cochran's second Motion for Reconsideration is denied.

### 4. Motions for Expedited Ruling

Cochran filed five motions seeking various forms of "immediate" or "emergency" relief. The first of these motions is a Motion for an Expedited Ruling. (Pet'r's Mot. Expedited Ruling, ECF No. 26). Cochran states that all of the necessary pleadings have

been filed in this case, enabling this Court to issue a decision on the claims. (Id. at 3−4). He adds that despite the fact he labeled his petition an emergency, it has not been treated as such. (Id.).

His second emergency motion is the "Motion for Emergency Petition for an Immediate Emergency Preliminary Injunction." (Pet. Immediate Emergency Prelim. Inj. at 1, ECF No. 28). Cochran seeks an Order from this Court requiring the BOP to properly calculate his credits and transfer him to pre-release custody immediately. (Id. at 6). He argues that irreparable harm will befall him if he is not awarded this relief. (Id.).

In his third emergency motion, Cochran raises a similar argument. (See Pet'r's Mot. Emergency Immediate Release, ECF No. 35). He states he is entitled to have his FSA Time Credits immediately applied toward his pre-approved transfer to pre-release custody. (Id. at 3).

In his fourth emergency motion, the "Motion for Immediate Denial of the Respondent's Motion to Dismiss or, in the Alternative, for Summary Judgement as Moot," Cochran argues that two of Earwin's arguments against his claim that he is entitled to FSA Time Credits are now moot. (Pet'r's Mot. Immediate Denial Resp't's Mot. Dismiss Alt. Summ. J. ["Mot. Moot"] at 3, ECF No. 36). First, he asserts that Earwin has conceded in the Motion to Correct, (ECF No. 14), that Cochran's prison job qualifies as a program entitling him to earn ten days of credit per month. (Mot. Moot at 2−3). Second, he argues that he has refuted Earwin's argument that he failed to exhaust administrative remedies by explaining he received no responses to his administrative requests, making those remedies unavailable to him. (Id.). He further argues that his "Emergency Petition" does not require

exhaustion of administrative remedies because it is based on a dispute concerning statutory construction. (Id. at 3−4).

Cochran's fifth emergency motion, the "Emergency Motion for an Emergency Enlargement of Cochran's Custody," states that the circumstances of his case have changed. (Pet'r's Emergency Mot. Emergency Enlargement Pet'r's Custody at 2, ECF No. 37). He reiterates that Earwin has conceded that his prison job qualifies as a program that must reduce his sentence under the FSA. (Id. at 2−3). He also states that he has received 365 days of FSA Time Credits toward an early transfer to supervised release, which was set to occur on July 28, 2022. (Id. at 3). Nevertheless, Cochran asserts that because he has been incarcerated for over sixteen years, he "needs some Re-entry time before being thrust out into a new society blind and physically disabled." (Id. at 5). He requests that this Court issue an emergency order requiring his placement in a halfway house for a period of two weeks. (Id. at 6).

As of August 1, 2022, Cochran is no longer incarcerated. (See Notice Change Address at 1, ECF No. 38; Req. Copies Docs. at 1). Accordingly, these Motions shall be denied as moot in light of Cochran's release from custody.

**5.   Copy Work**

Cochran seeks copies of ECF Nos. 1, 3–4, 6, 8, 10–12, 14, and 16–27 at the Government's expense. (ECF No. 33). He states that these pleadings were confiscated by BOP personnel, and he needs them in order to pursue a civil lawsuit. (Pet'r's Mot. Order Furnish Copies Pre-Existing Case Filed Docs. at 2, ECF No. 33). As this Motion was filed prior to Cochran's release, the Court directs the Clerk to determine the number of pages

each requested document contains, calculate the cost for each document, prepare an invoice, and send the invoice to Cochran at his new address. Cochran may then either pay the costs for the copies or demonstrate to this Court that he is unable to pay the cost.

**B.     Cochran's Habeas Petition and Earwin's Motion for Summary Judgment**

    **1.     Standard of Review**

        **a.     Habeas Petition Exhaustion Requirement**

Under 28 U.S.C. § 2241(a), federal district courts have the authority to grant writs of habeas corpus "within their respective jurisdictions." However, the "doctrine of exhaustion of administrative remedies . . . provides 'that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted.'" McKart v. United States, 395 U.S. 185, 193 (1969) (quoting Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 50–51 (1938)). Therefore, federal habeas relief is unavailable absent prior exhaustion of administrative remedies. See Francis v. Henderson, 425 U.S. 536, 538 (1976) ("This Court has long recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forgo the exercise of its habeas corpus power."); see also Timms v. Johns, 627 F. 3d 525, 531 (4th Cir. 2010) (applying exhaustion requirements to § 2241 petition challenging civil commitment).

It is the responsibility of the United States Attorney General and the Federal Bureau of Prisons to compute sentences of prisoners committed to the custody of the United States or the District of Columbia and apply credit where it is due. See 18 U.S.C. § 3624(b)(1) ("[A] prisoner who is serving a term of imprisonment of more than 1 year . . . may receive

credit toward the service of the prisoner's sentence . . . subject to determination by the Bureau of Prisons. . . ."); see also United States v. Brown, 343 Fed.App'x 934, 936 (4th Cir. 2009) (holding that "[o]nly the Attorney General, acting through the Bureau of Prisons, may compute sentencing credit"). In the event a prisoner disputes the computation of his sentence or the application of credits, he is permitted to seek a remedy for the grievance through the administrative remedy process in place in the Bureau of Prisons facilities. See 28 C.F.R. § 542.10 et seq.; see also Wilson, 503 U.S. at 335 ("[P]risoners have been able to seek judicial review of [sentence] computations after exhausting their administrative remedies."); United States v. Mitchell, 845 F.2d 951, 952 (11th Cir. 1988) ("[A] federal district court does not have jurisdiction to entertain a federal prisoner's petition for jail time credit until the prisoner has exhausted his administrative remedies with the Attorney General under 18 U.S.C. § 3568.").

The Administrative Remedy Procedure provides that if an inmate is unable to resolve his complaint informally, he may file a formal written complaint on the proper form within twenty calendar days of the occurrence on which the complaint is based. See 28 C.F.R. § 542.14(a). If an inmate is not satisfied with the Warden's response, he may appeal to the Regional Director within twenty calendar days of the Warden's response. 28 C.F.R. § 542.15(a). If the inmate still is not satisfied, he may appeal the Regional Director's response to the Office of General Counsel in Washington, D.C. Id. The inmate must file this final appeal within thirty calendar days of the date the Regional Director signed the response. Id. An inmate has not exhausted his administrative remedies until he has filed his

complaint at all levels. See id. ("Appeal to the General Counsel is the final administrative appeal.").

### b. Habeas Petition Case or Controversy Requirement

"A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." Aragon v. Shanks, 144 F.3d 690, 691 (10th Cir. 1998). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." Lewis v. Continental Bank Corp., 494 U.S. 472, 477−78 (1990). The parties must continue to have a "personal stake in the outcome" of the lawsuit. Id. at 478 (quoting Los Angeles v. Lyons, 461 U.S. 95, 101 (1983)). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis, 494 U.S. at 477). In the context of a habeas corpus petition, if the petitioner's sentence has already ended, then "some concrete and continuing injury other than the now-ended incarceration or parole— some 'collateral consequence' of the conviction—must exist if the suit is to be maintained." Id.

### 3. Conversion

Respondent's Motion is styled as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment under Federal Rule of Civil Procedure 56. A motion styled in this manner implicates the court's discretion under Rule 12(d) of the Federal Rules of Civil Procedure. See Kensington Vol. Fire Dep't, Inc. v. Montgomery Cnty., 788 F.Supp.2d 431, 436–37 (D.Md. 2011), aff'd, 684 F.3d 462 (4th

Cir. 2012). This Rule provides that when "matters outside the pleadings are presented to and not excluded by the court, the [Rule 12(b)(6)] motion must be treated as one for summary judgment under Rule 56." Fed.R.Civ.P. 12(d). The Court "has 'complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it.'" Wells-Bey v. Kopp, No. ELH-12-2319, 2013 WL 1700927, at *5 (D.Md. Apr. 16, 2013) (quoting 5C Wright & Miller, Federal Practice & Procedure § 1366, at 159 (3d ed. 2004, 2012 Supp.)).

The United States Court of Appeals for the Fourth Circuit has articulated two requirements for proper conversion of a Rule 12(b)(6) motion to a Rule 56 motion: notice and a reasonable opportunity for discovery. See Greater Balt. Ctr. for Pregnancy Concerns, Inc. v. Mayor of Balt., 721 F.3d 264, 281 (4th Cir. 2013). When the movant expressly captions its motion "in the alternative" as one for summary judgment and submits matters outside the pleadings for the court's consideration, the parties are deemed to be on notice that conversion under Rule 12(d) may occur. See Moret v. Harvey, 381 F.Supp.2d 458, 464 (D.Md. 2005) (citing Laughlin v. Metro. Wash. Airports Auth., 149 F.3d 253, 260–61 (4th Cir. 1998)).

Ordinarily, summary judgment is inappropriate when "the parties have not had an opportunity for reasonable discovery." E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011). Yet, "the party opposing summary judgment 'cannot complain that summary judgment was granted without discovery unless that party had made an attempt to oppose the motion on the grounds that more time was needed for

discovery.'" Harrods Ltd. v. Sixty Internet Domain Names, 302 F.3d 214, 244 (4th Cir. 2002) (quoting Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 961 (4th Cir. 1996)). To raise sufficiently the issue that more discovery is needed, the non-movant must typically file an affidavit or declaration under Rule 56(d), explaining the "specified reasons" why "it cannot present facts essential to justify its opposition." Fed.R.Civ.P. 56(d).

"The Fourth Circuit places 'great weight' on the affidavit requirement." Nautilus Ins. Co. v. REMAC Am., Inc., 956 F.Supp.2d 674, 683 (D.Md. 2013) (quoting Evans, 80 F.3d at 961). However, non-compliance may be excused "if the nonmoving party has adequately informed the district court that the motion is premature and that more discovery is necessary." Harrods, 302 F.3d at 244. Courts place greater weight on the need for discovery "when the relevant facts are exclusively in the control of the opposing party," such as "complex factual questions about intent and motive." Id. (quoting 10B Wright, Miller & Kane, Federal Practice & Procedure § 2741, at 419 (3d ed. 1998)) (internal quotation marks omitted).

Nonetheless, a Rule 56(d) affidavit is inadequate if it simply demands "discovery for the sake of discovery." Hamilton v. Mayor of Balt., 807 F.Supp.2d 331, 342 (D.Md. 2011) (citation omitted). A Rule 56(d) request for discovery is properly denied when "the additional evidence sought for discovery would not have by itself created a genuine issue of material fact sufficient to defeat summary judgment." Ingle ex rel. Estate of Ingle v. Yelton, 439 F.3d 191, 195 (4th Cir. 2006) (quoting Strag v. Bd. of Trs., Craven Cmty. Coll., 55 F.3d 943, 953 (4th Cir. 1995)).

12

In this case, pursuant to the dictates of Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court notified Cochran of his right to respond to Respondent's Motion and advised that he may file affidavits, declarations, and exhibits along with his response. (See ECF No. 9). Cochran did not submit a Rule 56(d) affidavit expressing a need for discovery. Accordingly, the Court will construe Respondent's Motion as a motion for summary judgment and will consider documents outside of Respondent's Complaint.

### 4. Motion for Summary Judgment

In reviewing a motion for summary judgment, the Court views the facts in a light most favorable to the nonmovant, drawing all justifiable inferences in that party's favor. Ricci v. DeStefano, 557 U.S. 557, 586 (2009) (quoting Scott v. Harris, 550 U.S. 372, 380 (2007)); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 158–59 (1970)). Summary judgment is proper when the movant demonstrates, through "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations. . .admissions, interrogatory answers, or other materials," that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a), (c)(1)(A). Significantly, a party must be able to present the materials it cites in "a form that would be admissible in evidence," Fed.R.Civ.P. 56(c)(2), and supporting affidavits and declarations "must be made on personal knowledge" and "set out facts that would be admissible in evidence," Fed.R.Civ.P. 56(c)(4).

Once a motion for summary judgment is properly made and supported, the burden shifts to the nonmovant to identify evidence showing there is genuine dispute of material

fact. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986). The nonmovant cannot create a genuine dispute of material fact "through mere speculation or the building of one inference upon another." Othentec Ltd. v. Phelan, 526 F.3d 135, 141 (4th Cir. 2008) (quoting Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985)).

A "material fact" is one that might affect the outcome of a party's case. Anderson, 477 U.S. at 248; see also JKC Holding Co. v. Wash. Sports Ventures, Inc., 264 F.3d 459, 465 (4th Cir. 2001) (citing Hooven-Lewis v. Caldera, 249 F.3d 259, 265 (4th Cir. 2001)). Whether a fact is considered to be "material" is determined by the substantive law, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248; accord Hooven-Lewis, 249 F.3d at 265. A "genuine" dispute concerning a "material" fact arises when the evidence is sufficient to allow a reasonable jury to return a verdict in the nonmoving party's favor. Anderson, 477 U.S. at 248. If the nonmovant has failed to make a sufficient showing on an essential element of his case where he has the burden of proof, "there can be 'no genuine [dispute] as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986) (quoting Anderson, 477 U.S. at 247).

2.  **Analysis**

    a.  **Exhaustion**

In his Habeas Petition, Cochran asserts that the BOP failed to give him the benefit of the 240 days credit under the FSA. (See generally Habeas Pet.). In an apparent

acknowledgment of his need to exhaust administrative remedies, Cochran states that he has filed administrative remedy requests on this matter, but that the process was rendered unavailable because the BOP never sent a response. (Id. at 4). Earwin responds that the process is not unavailable, and that Cochran has filed 125 total administrative remedy requests while incarcerated. (Mot. Summ. J. at 6). Further, Cochran has not exhausted administrative remedies because only one request of 125 pertained to FSA credits and he failed to appeal that request to the regional level after receiving a denial. (Decl. Darice Butler at 3, ECF No. 8-1; see also Admin. Remedy Proc. R. at 59, ECF No. 8-3).

The Court agrees with Earwin. Cochran has failed to establish that the administrative remedy process was unavailable to him because he never appealed his one request concerning FSA credits. See Ross v. Blake, 578 U.S. 632, 639 (2016) (exhaustion mandatory under 28 U.S.C. § 1997e(a)), see also Woodford v. Ngo, 548 U.S. 81, 88 (2006) (defining exhaustion as "using all steps that the agency holds out, and doing so properly"). Moreover, administrative remedies are "available" when it is "'capable of use' to obtain 'some relief for the action complained of.'" Ross 578 U.S. at 642 (quoting Booth v. Churner, 532 U.S. 731, 741 (2001)). Cochran has failed to demonstrate any basis for excusing his failure to exhaust administrative remedies and Earwin's Motion for Summary Judgment must therefore be granted.

    **b.**    **Case or Controversy**

Even if Cochran had exhausted administrative remedies prior to filing the Habeas Petition, the Court cannot reach the merits of his claims because the matter is now moot. Cochran received the credits he sought, and application of those credits permitted

his release from incarceration. (See Req. Copies Docs. at 1). There is no further relief for the Court to grant. Thus, the Petition no longer presents a case or controversy, and it is also subject to dismissal on this basis.

### III.   CONCLUSION

For the foregoing reasons, the Court will grant Earwin's Motion to Dismiss or for Summary Judgment (ECF No. 8), construed as one for summary judgment, grant Earwin's Motion to Correct (ECF No. 14), deny Cochran's Petition for Writ of Habeas Corpus (ECF No. 1). The Court will further grant in part and deny in part Cochran's Motion Requesting Judicial Notice (ECF No. 6) and deny all of Cochran's remaining Motions (ECF Nos. 18, 20, 25, 26, 28, 33, 35, 36, 37). As to Cochran's Motion for Copy Work (ECF No 33), the Clerk will calculate the cost of the requested documents and send Cochran an invoice at his new address. Cochran may either pay for the copies or demonstrate that he is unable to pay so that his Motion for Copy Work may be reconsidered. A separate Order follows. Entered this 13th day of October, 2022.

/s/
George L. Russell, III
United States District Judge